Morgan C. Fiander
**POLSINELLI PC**
600 Third Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
mfiander@polsinelli.com

*Counsel to Wilmington Trust, National Association, as Trustee, for the Benefit of the Holders of CoreVest American Finance 2019-1 Trust Mortgage Pass-Through Certificates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re:                                              :
                                                    :    Chapter 11
    Monticello Horizon Legacy, LLC,                 :
                                                    :    Case No.: 20-35665-cgm
                    Debtor.                         :
------------------------------------------------------------X    :

**OMNIBUS OBJECTION OF WILMINGTON TRUST, NATIONAL ASSOCIATION TO MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 363(b)(1) AND 363(f)(3) AUTHORIZING DEBTOR'S SALE [DOCKET NO. 34] AND MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 363(b)(1) AND 363(f)(3) AUTHORIZING <u>DEBTOR'S SALE [DOCKET NO. 40]</u>**

Wilmington Trust, National Association, as Trustee, for the Benefit of the Holders of CoreVest American Finance 2019-1 Trust Mortgage Pass-Through Certificates (the "**Lender**") in the above-captioned case of Monticello Horizon Legacy, LLC (the "**Debtor**" or the "**Borrower**"), by and through undersigned counsel, hereby submits this objection (this "**Objection**") to the *Motion for an Order Pursuant to 11 U.S.C. §§ 363(b)(1)( and 363(f)(3) Authorizing Debtor's Sale* [Docket No. 34] (the "**Park Avenue Sale Motion**") and the *Motion for an Order Pursuant to 11 U.S.C. §§ 363(b)(1)( and 363(f)(3) Authorizing Debtor's Sale* [Docket No. 34] (the "**Prince Street**

**Sale Motion**", and together with the Park Avenue Sale Motion, the "**Sale Motions**"). In support of this Objection, the Lender respectfully represents as follows:

## BACKGROUND

**I.    General Background**

1. The Debtor is the owner and operator of real estate located in Sullivan County, New York (collectively, the "**Properties**").

2. The Lender is the owner and holder of the loan ("**Loan**") evidenced by that certain Promissory Note dated June 29, 2018 and executed by the Debtor in favor of CoreVest American Finance Lender, LLC ("**Original Lender**"), in the original maximum principal amount of $2,058,700.00 (as amended, restated, modified, and assigned, the "**Note**"). The terms and conditions of the Loan are set forth in that certain Loan Agreement (the "**Loan Agreement**") dated as of June 29, 2018. Among other things, the Loan Agreement required that the Borrower repay the Loan by making monthly payments of principal and interest in the amount of $12,915.13. The final payment was to be due on July 9, 2023. The Loan Agreement provides for interest at a rate of 6.33 percent per annum.

3. In connection with the Loan, Esther Loeffler (the "**Guarantor**" or the "**Pledgor**") executed (i) that certain Pledgor Guaranty (the "**Pledge Guaranty**"), pursuant to which the Pledgor guaranteed certain amounts owed under the Note, as further described in the Pledge Guaranty and (ii) a certain Pledge Agreement (the "**Pledge Agreement**") dated as of June 29, 2018 and executed by the Pledgor, pursuant to which the Pledgor pledged all of its right, title and interests in, to and under the Borrower Equity Interests (as defined in the Pledge Agreement).

4. In order to secure the indebtedness owed in connection with the Loan, the Borrower executed that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of June 29, 2018 (as assigned to the Lender and amended from time to time, the

2

"**Security Instrument**"). Under the Security Instrument, the Lender has a lien on and security interest in certain real property, and improvements thereon, and certain personal property associated therewith (collectively, the "**Collateral**").

5. The Lender is the current holder and owner of the Note, the Loan Agreement, the Pledge Guaranty, the Security Instrument, the Pledge Agreement, and all other documents and instruments further evidencing, securing, or executed in connection with the Loan (collectively, the "**Loan Documents**").

6. On June 24, 2020 (the "**Petition Date**"), the Borrower filed a voluntary petition for relief under chapter 11 (the "**Petition**") commencing the Chapter 11 Case. As of the Petition Date, Debtor was indebted to the Lender in the amount of at least $2,595,957.46 (the "**Prepetition Indebtedness**") which was comprised of: principal of $2,029,540.17, accrued and unpaid interest of $164,946.88, late charges in the amount of $32,066.34, prepayment premium in the amount of $369,404.07, plus other costs, expenses, and fees of collections.[1]

## II. Sale Motions Background

7. On November 30, 2020, the Debtor filed the Park Avenue Sale Motion. On December 22, 2020, the Debtor filed the Prince Street Sale Motion.

8. The Park Avenue Sale Motion seeks this Court's approval, pursuant to Bankruptcy Code section 363, of the sale of the Debtor's rental property located at 167/173 Park Avenue, Monticello, New York 12701 (the "**Park Avenue Property**"). Attached as Exhibit A to the Park Avenue Sale Motion was an appraisal (the "**Park Avenue Appraisal**") which purportedly determined that the fair market value of the Park Avenue Property was $420,000. The proposed purchaser of the Park Avenue Property is Blooming Krantz LLC ("**Blooming Krantz**") for the

---

[1] *See* Proof of Claim No. 2.

3

sale price of $472,000 pursuant to that certain Residential Contract of Sale attached to the Park Avenue Sale Motion as Exhibit B (the "**Park Avenue Contract**"). Blooming Krantz is located at 368 New Hempstead Road, Suite 312, New York, New York 10956. The Schedules list Blooming Cove LLC ("**Blooming Cove**") as a creditor located at the same address.

9. The Prince Street Sale Motion seeks this Court's approval, pursuant to Bankruptcy Code section 363, of the sale of the Debtor's rental property located at 26 Prince Street, Monticello, New York 12701 (the "**Prince Street Property**", and together with the Park Avenue Property, the "**Proposed Sale Properties**"). Attached as Exhibit A to the Price Street Sale Motion was an appraisal (the "**Prince Street Appraisal**") which purportedly determined that the fair market value of the Prince Street Property was $62,000. The proposed purchaser of the Prince Street Property is Harbor Stone Sky, LLC ("**Harbor Stone**", and together with Blooming Krantz, the "**Proposed Purchasers**") for the sale price of $79,000 pursuant to that certain Residential Contract of Sale attached to the Prince Street Sale Motion as Exhibit B (the "**Price Street Contract**"). Harbor Stone is also located at 368 New Hempstead Road, Suite 312, New York, New York 10956.

10. Each of the Sale Motions state that the Debtor wishes to sell the Proposed Sale Properties to reduce the amount of outstanding obligations under the Loan Documents so that a plan can be confirmed. The Sale Motions also state that the sale is in the best interest of the Lender.

**OBJECTION**

11. The Lender objects to each of the Sale Motions at this time. The Lender is willing to consider consenting to the Sale Motions, should the following issues be resolved.

12. First, under the terms of the Loan Agreement, each Property has a "Release Price" which is comprised of "120% of the initial Allocated Loan Amount for such Property" and an associated prepayment premium. The "Allocated Loan Amount" is, "with respect to each Property,

4

**Error! Unknown document property name.**

the portion of the Loan Amount allocated thereto." With respect to the Proposed Sale Properties, the Lender has calculated the following:

|  | Park Avenue Property | Price Street Property |
|---|---|---|
| Allocated Loan Amount | $406,000.00 | $63,000.00 |
| Release Price | $487,200.00 | $75,600.00 |
| Prepayment Premium[2] | $72,445.31 | $11,241.51 |
| Total of Release Price and Prepayment Premium | $559,645.31 | $86,841.51 |
| Proposed Sale Price | $472,000.00 | $79,000.00 |
| Shortfall | ($87,645.31) | ($7,841.51) |

Thus, under both Sale Motions, the Lender's Collateral is being sold for less than the value of the Lender's interest.[3] Further, there is no plan on file to modify the terms of the Loan Agreement at this time.

13.     Second, the Lender requires more information regarding the Potential Purchasers, which has been requested through counsel. The Schedules list Blooming Cove as a creditor at the same address as the Potential Purchasers. According to the State of New York's Department of State Division of Corporations, each of the Proposed Purchasers was formed in 2020. The Lender is concerned that the Potential Purchasers may be related to the Debtor either as investors or some other insider. Though it may be possible that Blooming Cove is an unsecured creditor and the Potential Purchasers are just its affiliated entities, more information is needed, particularly in light of the discrepancies in the appraised values of the Properties.

14.     Third, in addition to the information needed as to the background of the Potential Purchasers, the Lender requires information as how they intend to close the transactions. The Park

---

[2] Calculated through January 5, 2021.
[3] Moreover, this calculation does not include accrued note rate interest, accrued default interest, legal fees and costs, and other servicing fees and costs to be paid to the Lender pursuant to the release provisions of the Loan Agreement.

**Error! Unknown document property name.**

Avenue Contract contains a mortgage commitment contingency in the amount of $377,000, but the Lender has no further information.

15. Fourth, the Lender lacks confidence in the appraisals. When the Loan was originated in June 2018, the Park Avenue Property was appraised at $580,000, approximately $110,000 more than the Park Avenue Appraisal. Similarly, when the Loan was originated, the Prince Street Property was appraised at $90,000, approximately $11,000 more than the Prince Street Appraisal. Though the Lender has previously raised concerns regarding the condition of the Properties, the Lender does not believe that there has been a diminution in value of the Properties, let alone a $110,000 drop in value since June 2018.

16. Fifth, based on the Lender's experience, it is unusual for a buyer to pay significantly more than the appraised market value of a property. Here, Blooming Krantz has made an offer which is $50,000 more than the Park Avenue Appraisal and Harbor Stone has made an offer which is $17,000 more than the Prince Street Appraisal.

17. Taken together, the Lender respectfully requests that the Court deny the Sale Motions at this time for these reasons.

## ARGUMENT

18. The Sale Motions make two arguments as to why they should be approved: the sales are a reasonable exercise of the Debtor's business judgment and Bankruptcy Code section 363(f) allows the Debtor to sell the Proposed Sale Properties free and clear of the Lender's interests.

19. Bankruptcy Code section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." When determining whether to approve a sale, courts look to whether a "legitimate justification for the proposed transaction" has been demonstrated. *In re GSC, Inc.*, 453 B.R. 132, 155 (Bankr.

6

S.D.N.Y. 2011) (citing *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel)*, 722 F.2d 1063, 1071 (2d Cir. 1983)). Factors include:

> the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value.

*In re Flour City Bagels, LLC*, 557 B.R. 53, 77 (Bankr. W.D.N.Y. 2016) (quoting *In re Lionel*, 722 F.2d at 1071. These factors are not exhaustive and courts have also looked to factors such as "(i) whether adequate and reasonable notice has been provided to parties in interest, including full disclosure of the sale terms and the debtor's relationship with the purchaser, (ii) whether the sale price is fair and reasonable, and (iii) whether the proposed buyer is proceeding in good faith." *In re* Family Christian, LLC, 533 B.R. 600, 626 (Bankr. W.D. Mich. 2015).

20. The Debtor contends that under *In re Boston Generating, LLC*, 440 B.R. 302 (Bankr. S.D.N.Y. 2010), it can force the Lender to accept the Sale Motions. This is not true.

21. Bankruptcy Code section 363(f) provides:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or

7

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

22. With respect to Bankruptcy Code section 363(f)(3), the Court in *Boston Generating* determined that "the price must be equal to or greater than the aggregate value of the liens asserted against it, not their amount." *In re Boston Generating, LLC*, 440 B.R. at 332 (quoting *In re Beker Indus. Corp.*, 63 B.R. 474, 476 (Bankr. S.D.N.Y. 1986)). "The 'value' of a lien is to be determined by reference to [Bankruptcy Code] section 506(a) -- that is, it is the amount by which the lienholder's claim is actually secured." *In re Boston Generating, LLC*, 440 B.R. at 332.

23. Here, the Sale Motions should be denied for the reasons set forth above under Bankruptcy Code section 363(b). In short, the Debtor seeks to sell the most valuable of the Properties, the Park Avenue Property, for less than its actual value. The effect of approving the Sale Motions would be to turn the Lender from an oversecured creditor to an undersecured creditor, making confirmation of a plan *less* likely as the Lender would have the largest unsecured claim.

24. With respect to Bankruptcy Code section 363(f)(3), *Boston Generating* involved a "robust, open, and fair process in which substantial marketing and due diligence materials were widely distributed. *Id.* at 323. The Court has not determined the value of the Collateral or the Lender's liens under Bankruptcy Code section 506(a) and the only evidence the Debtor has offered as to the value are the appraisals which directly contradict the Debtors' Schedules as to value. Moreover, the Debtor has offered no evidence of *any* marketing or sales process.

25. The Sale Motions cannot be approved without a significant increase to the selling prices of the Proposed Sale Properties or without giving the Lender additional time to complete its own appraisals and the right to credit bid under Bankruptcy Code section 363(k).

**Error! Unknown document property name.**

## NOTICE

26. Notice of this Objection has been provided by electronic mail and/or electronic service to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) counsel to the Debtor; and (iii) all parties who requested service via the Court's CM/ECF system.

| | |
|---|---|
| Dated:  New York, NY<br>January 19, 2021 | Respectfully submitted,<br><br>**POLSINELLI PC**<br><br>*/s/     Morgan C. Fiander*<br>Morgan C. Fiander<br>600 Third Avenue, 42nd Floor<br>New York, New York 10016<br>Telephone: (212) 684-0199<br>Facsimile: (212) 684-0197<br>mfiander@polsinelli.com<br><br>*Counsel to Wilmington Trust, National Association, as Trustee, for the Benefit of the Holders of CoreVest American Finance 2019-1 Trust Mortgage Pass-Through Certificates* |

**Error! Unknown document property name.**