Morgan C. Fiander
**POLSINELLI PC**
600 Third Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
mfiander@polsinelli.com

*Counsel to Wilmington Trust, National Association, as Trustee, for the Benefit of the Holders of CoreVest American Finance 2019-1 Trust Mortgage Pass-Through Certificates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
In re:                                                        :
                                                              :   Chapter 11
    Monticello Horizon Legacy, LLC,                  :
                                                              :   Case No.: 20-35665-cgm
                             Debtor.          :
-----------------------------------------------------------X  :

**SUPPLEMENTAL OBJECTION OF WILMINGTON
TRUST, NATIONAL ASSOCIATION TO MOTION TO
AUTHORIZE DEBTORS' USE OF CASH COLLATERAL
PURSUANT TO 11 U.S.C. § 363 AND PURSUANT TO 11
U.S.C. § 361 FIXING ADEQUATE PROTECTION
PAYMENT AMOUNT TO SECURED CREDITOR AND
FOR OTHER AND FURTHER RELATED RELIEF WITH
<u>POINTS OF LAW</u>**

       Wilmington Trust, National Association, as Trustee, for the Benefit of the Holders of CoreVest American Finance 2019-1 Trust Mortgage Pass-Through Certificates (the "**Lender**") in the above-captioned case of Monticello Horizon Legacy, LLC (the "**Debtor**" or the "**Borrower**"), by and through undersigned counsel, hereby submits this objection to the *Motion to Authorize Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Pursuant to 11 U.S.C. § 361 Fixing Adequate Protection Payment Amount to Secured Creditor and for other and Further Related Relief With Points of Law* [Docket No. 25] (the "**Cash Collateral Motion**") in further

support of the *Objection of Wilmington Trust, National Association to Motion to Authorize Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Pursuant to 11 U.S.C. § 361 Fixing Adequate Protection Payment Amount to Secured Creditor and for other and Further Related Relief With Points of Law* [Docket No. 33] (the "**Cash Collateral Objection**").[1] In support of this Supplemental Objection, the Lender respectfully represents as follows:

## OBJECTION

1. The Lender renews its objection to the Cash Collateral Motion and any extensions of the *Order Authorizing Use of Cash Collateral and Fixing Monthly Adequate Protection Payment Amounts* [Docket No. 37] (the "**Interim Cash Collateral Order**") for three reasons: information exchange between the Debtor and Lender is still insufficient; the Debtor is not meeting its adequate protection obligations; and additional adequate protection is required given the circumstances of this case.

2. Since the Interim Cash Collateral Objection was entered, there has been some exchange of information between the Lender and Debtor, but not nearly enough. For example, the Debtor filed the *Motion for an Order Pursuant to 11 U.S.C. §§ 363(b)(1)( and 363(f)(3) Authorizing Debtor's Sale* [Docket No. 34] (the "**Park Avenue Sale Motion**") and the *Motion for an Order Pursuant to 11 U.S.C. §§ 363(b)(1)( and 363(f)(3) Authorizing Debtor's Sale* [Docket No. 34] (the "**Prince Street Sale Motion**", and together with the Park Avenue Sale Motion, the "**Sale Motions**"), yet cannot provide the Lender with additional requested information as set forth in the Lenders' objection to the Sale Motions. Moreover, information regarding deposits and rent roll was provided by Debtor's counsel once, instead of in an ongoing fashion. This is in addition

---

[1] Terms used herein but not otherwise defined shall have the meanings ascribed to them in the Cash Collateral Objection.

to the Debtor failing to file monthly operating reports in a timely fashion once again. As of the date hereof, the November 2020 monthly operating report have not been filed.[2]

3. The Interim Cash Collateral Order provides that adequate protection payments are to be made on the 20th day of every month. The December adequate protection payment was not sent to Lender's counsel until December 28, 2020. As of January 19, 2021, the Lender has not received the January adequate protection payment, nor received word of when it would be expected. Thus, the Debtor is violating the Interim Cash Collateral Order.

4. Finally, on one hand the Debtor the Debtor objected to the Lender's attempt to appoint a Chapter 11 Trustee, arguing that the Properties were subject to nothing more than "wear and tear" and there was not a diminution of value of the Lender's collateral. On the other hand, as set forth in the Lender's objection to the Sale Motions, the Debtor obtained appraisals which purport to show that the value of the two Properties subject to the same motion have decreased by approximately $121,000. If true, the Lender's interests are not adequately protected in this Case as there has been a significant diminution in value of the Collateral.

5. Therefore, an extension of the Interim Cash Collateral Order should be declined. To the extent that the Court enter an extension of the adequate protection order, the Lender requests that a further cash collateral order significantly increase the monthly payments due to the Lender, require monthly and regular reporting, and grant adequate protection liens.

## CONCLUSION

**WHEREFORE**, the Lender requests that the Court deny further extension of the Interim Cash Collateral Order.

---

[2] In fact, the Debtor has filed only one monthly operating report on time since the Petition Date.

3

76226666.1

| | |
|---|---|
| Dated: New York, NY<br>January 19, 2021 | Respectfully submitted,<br><br>**POLSINELLI PC**<br><br>*/s/ Morgan C. Fiander*<br>Morgan C. Fiander<br>600 Third Avenue, 42nd Floor<br>New York, New York 10016<br>Telephone: (212) 684-0199<br>Facsimile: (212) 684-0197<br>mfiander@polsinelli.com<br><br>*Counsel to Wilmington Trust, National Association, as Trustee, for the Benefit of the Holders of CoreVest American Finance 2019-1 Trust Mortgage Pass-Through Certificates* |